# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | **Case No. 3:26-CR-14** |
| | ) | **JUDGES CRYTZER/McCOOK** |
| | ) | |
| TYLER SHANE WELLS | ) | |

**REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR BILL OF PARTICULARS
[CORRECTED]**

Comes defendant Tyler Wells, by and through counsel, and respectfully submits this Reply to the Government's Response [doc. 56] to his Motion for a Bill of Particulars. [Doc. 41]

The Government argues that the United States should not have to name the individuals of whom each count "attributes specific harboring conduct" because courts have found that the Government is not required to name co-conspirators. Doc. 56, PageID#294. However, the individuals in this case are not alleged to be co-conspirators. In fact, there is only one count out of the ten that alleges a conspiracy offense where "individuals 1-6" are listed.

The Government is correct that the appellate review standard for determining whether the Court abused its discretion in denying a motion for a bill of particulars requires "actual surprise." The entire point of a bill of particulars is to avoid actual surprise at trial and to enable defense counsel the opportunity to effectively prepare a defense for trial. Mr. Wells believes that "individuals 1-6" are the same individuals who are referenced in Ex. A of his

Motion *in Limine* to Exclude Evidence Regarding Individuals 1-6.[1] However, the Government has made several statements throughout the course of this case that create confusion on that issue. For example, in Mr. Wells's detention hearing, the government stated that they knew of forty-five individuals who were unlawfully residing in the United States that were related to the incident. Doc. 37, PageID# 150. Count One alleges a date range from January 5-13, 2026, which indicates a wider date range than what discovery indicates is related to the individuals who were detained. Further, the Government referenced "co-conspirators" in the detention hearing, identifying them as "Person 1-10." Doc. 37, PageID# 117. If the government is confirming that the names of the individuals who were detained on January 13 are the only individuals who are at issue in the indictment, there is no reason not to identify them for the sake of clarifying the record.

The legal status of individuals 1-6 is an essential element of Count One, and Five through Ten. The Government alleges that "specific harboring conduct" is related to each of the individuals. Doc. 56, PageID#294. This is not clear from the indictment. The defendant cannot prepare without understanding what conduct is related to what individual.

The Government states that it refers to the individuals as "individuals 1-6" to protect their identities. Doc. 56, PageID#294. Identifying the individuals by initial as they did for the law enforcement officers identified in Count Three and Four would solve this issue as well.

For these reasons, and the reasons identified in the defense Motion for Bill of

---

[1] See Doc 66-1, filed March 16, 2026. Earlier that afternoon, the government provided Mr. Wells notice of additional discovery that could be picked up. Defense counsel picked up the additional discovery on March 17, 2026. The discovery included additional information regarding the detained individuals that Mr. Wells believes to be referenced in counts one and five through ten. [The chronology in this footnote has been corrected from the version tendered to the Clerk on March 20, 2026]

Particulars, the Court should order the government to file a bill of particulars.

Respectfully submitted this 20th day of March 2026.

/s/ Georgia Miller
WADE V. DAVIES [BPR #016052]
GEORGIA A. MILLER [BPR #041197]
The Davies Law Firm, PLLC
900 S. Gay Street, Suite 802
Knoxville, TN 37902
(865) 686-6333
wdavies@wadedavies.law
*Counsel for Tyler Wells*