## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

UNITED STATES OF AMERICA,     )
                                      )
                                      )

v.                                     )          **Case No. 3:26-CR-14**
                                        )          **JUDGES CRYTZER/McCOOK**

TYLER SHANE WELLS          )

### REPLY TO GOVERNMENTS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR VAGUENESS

Comes Defendant Tyler Wells, through undersigned counsel, and respectfully submits this Reply to the Government's Response [doc. 62] to the Joint Motion seeking dismissal of the indictment because the statutes are unconstitutionally vague on their face and as applied to the conduct alleged. [Doc. 46]

**I.      The Terms in the Statute are Vague.**

Mr. Wells maintains that the terms in the statute are unconstitutionally vague to the point that the average person could not determine what conduct is prohibited. Mr. Wells acknowledges that the Sixth Circuit has ruled on the specific intent issue related to the term harboring, and raises this issue in order to preserve the specific intent requirement issue due to the circuit split. Doc. 46, PageID#258.

**II.      The Statute is Vague as Applied to Mr. Wells in Count Four Because the Officers were not Engaged in Lawful Conduct.**

The Government argues that whether the police officers were lawfully discharging their duties is an issue for the jury to decide. Doc. 62, PageID# 340. However, courts may rule on pretrial motions on legal issues when the issues are capable of determination without invading the province of the jury. *United States v. Levin*, 973 F.2d 463, 467 (6th Cir. 1992).  In *United States v. Levin*, the court addressed whether a statute was so ambiguous that the government would not be able to

prove their case beyond a reasonable doubt based on the undisputed facts, stating "In the instant case the operative facts. . . were undisputed and a two or three week trial of the substantive criminal charges would not have assisted the district court or this court in deciding the legal issues joined by the defendant's pretrial motion to dismiss the controversial counts of the indictment." *United States v. Levin*, 973 F.2d 463, 467 (6th Cir. 1992). Here, the court can determine that the agents did not have authority. The law enforcement officers entered the private property without a warrant and without consent. The statute requires the officers to be engaged in the lawful discharge of their duties at the time of the offense. Therefore, the Court should dismiss Count Four of this indictment. If lawful discharge could be interpreted to mean entry without a warrant on private property, then the term would be rendered unconstitutionally vague.

The lawful engagement of official duties is required under the statute, and based on the undisputed facts, the government cannot prove this element beyond a reasonable doubt. Therefore, Count Four should be dismissed.

Respectfully submitted this 20th day of March 2026.

/s/ Georgia A. Miller
WADE V. DAVIES [BPR #016052]
GEORGIA A. MILLER [BPR #041197]
The Davies Law Firm, PLLC
900 S. Gay Street, Suite 802
Knoxville, TN 37902
(865) 686-6333
wdavies@wadedavies.law
*Counsel for Tyler Wells*