FILED

2026 MAR 18 PM 1: 27

US DISTRICT COURT
EASTERN DI. T TENN.

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) **Case No. 3:26-CR-14** |
| v. | ) |
| | ) **Judges Crytzer/McCook** |
| [REDACTED] | ) |
| | ) |
| NICHOLAS FOY PASTORE, | ) |
| a/k/a "Nicholas OSO Pastore" | ) |

## SUPERSEDING INDICTMENT

### COUNT ONE

The Grand Jury charges that from on or about August 15, 2025, through on or about January 22, 2026, within the Eastern District of Tennessee and elsewhere, the defendants,

[REDACTED]

**NICHOLAS FOY PASTORE, a/k/a "Nicholas OSO Pastore,"** did knowingly and willfully conspire and agree with each other, and with other persons both known and unknown to the Grand Jury, knowing and in reckless disregard of the fact that certain aliens, whose names are known and unknown to the Grand Jury, namely, Individual 1, Individual 2, Individual 3, Individual 4, Individual 5, and Individual 6 had come to, entered and remained in the United States in violation of law, did conceal, harbor, and shield from detection such aliens in buildings and other places for the purpose of commercial advantage and private financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and (v)(I), (a)(1)(B)(i).

## COUNT TWO

The Grand Jury further charges that on or about January 13, 2026, in the Eastern District of Tennessee, the defendant, ▮▮▮▮▮▮▮▮▮▮ did forcibly assault, resist, oppose, impede, intimidate, and interfere with any person designated in 18 U.S.C. § 1114, to wit: G.V., a U.S. Department of Homeland Security, HSI Special Agent and A.P., a U.S. Department of Homeland Security, Enforcement and Removal Operations Deportation Officer, ("the agents") while the agents were engaged in the performance of their official duties, by utilizing defendant's 2019 GMC Sierra motor vehicle, a dangerous and deadly weapon, to strike into the motor vehicle occupied by the agents, in violation of 18 U.S.C. § 111(b).

## COUNT THREE

The Grand Jury further charges:

1. That from on or about January 5, 2026, through on or about January 13, 2026, within the Eastern District of Tennessee and elsewhere, the defendants, ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮, did knowingly and willfully conspire and agree with each other, and with other persons both known and unknown to the Grand Jury, to prevent, by force, intimidation, and threat, officers of the United States from discharging their official duties, and to injure officers of the United States in their persons and property on account of, and while such officers were engaged in, the lawful discharge of the duties of their offices, and to injure the property of such officers so as to molest, interrupt, hinder, and impede them in the discharge of their official duties.

2. Specifically, the defendants conspired to prevent, by force, intimidation, and threat, G.V., a Special Agent with the U.S. Department of Homeland Security, Homeland Security

2

Investigations (HSI), and A.P., a Deportation Officer with the U.S. Department of Homeland Security, Enforcement and Removal Operations (ERO), both officers of the United States, from discharging their official duties, and conspired to injure G.V. and A.P., in their persons and property on account of and while engaged in the lawful discharge of the duties of their offices, and to injure the property of said officers so as to molest, interrupt, hinder, and impede them in the discharge of their official duties.

### Object of the Conspiracy

It was an object of the conspiracy that the defendants,  , would and did prevent, by force, intimidation, and threat, G.V. and A.P. from discharging their official duties, and would and did injure the persons and property of G.V. and A.P., officers of the United States, on account of and while they were engaged in the lawful discharge of their official duties, and would and did injure the property of such officers so as to molest, interrupt, hinder, and impede them in the discharge of those duties.

### Manner and Means

The manner and means by which the defendants sought to accomplish the object of the conspiracy included, among others, the following:

1. Defendant ▮▮▮▮▮▮ would use a large GMC Sierra quad cab pickup truck ("the truck") to actively guard and block the sole entrance to the construction site, thereby impeding access to the federal agents;

2. Defendant ▮▮▮▮▮▮ would remain inside the truck during the active blockade;

3. Defendant ▮▮▮▮▮▮ would move and reposition the truck at an angle and in an offensive posture, ready to forcibly impede the federal agents and their vehicles;

Case 3:26-cr-00014-KAC-JEM *SEALED* Document 19 Filed 03/24/26 Page 3 of 7 PageID #: 376

4. The defendants agreed, anticipated, and intended that federal agents would be physically and forcibly impeded and their vehicle endangered by the truck, which was continuously and actively operated by ██████████████████████ at the construction site's entrance.

## OVERT ACTS

In furtherance of the conspiracy and to effect its illegal objects, at least one of the conspirators committed the following overt acts in the Eastern District of Tennessee:

1. On or about January 13, 2026, ██████████████████████ drove the truck to a nearby location to counter-surveil the federal agents, who were surveilling the construction site;

2. On or about January 13, 2026, ██████████████████████ after conducting this counter-surveillance, returned to the construction site and positioned the truck, with the engine running, at the entrance to maintain an active blockade and a display of physical aggression, and thereby preventing, and attempting to prevent, by force, intimidation, and threat, G.V. and A.P. from discharging their official duties;

3. On or about January 13, 2026, in the Eastern District of Tennessee, ██████████ ██████████ utilized the truck as a dangerous and deadly weapon to strike into the motor vehicle occupied by G.V. and A.P., thereby injuring and attempting to injure their persons and property and molesting, interrupting, hindering, and impeding them in the discharge of their official duties.

All in violation of Title 18, United States Code, Section 372.

## COUNT FOUR

The Grand Jury further charges that on or about January 13, 2026, in the Eastern District of Tennessee, the defendants, ████████████████████████████████ ████████████████████████████████████████████ ████████████ **and NICHOLAS FOY PASTORE, a/k/a "Nicholas OSO Pastore,"** aided and abetted by each other, knowing and in reckless disregard of the fact that an alien, Individual 1, whose name is known to the Grand Jury, had come to, entered and remained in the United States in violation of law, did conceal, harbor, and shield from detection such alien in buildings

and other places for the purpose of commercial advantage and private financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii), (a)(1)(B)(i) and 18 U.S.C. § 2.

## COUNT FIVE

The Grand Jury further charges that on or about January 13, 2026, in the Eastern District of Tennessee, the defendants, ███████████████████ ███████████████████ ███████ and NICHOLAS FOY PASTORE, a/k/a "Nicholas OSO Pastore," aided and abetted by each other, knowing and in reckless disregard of the fact that an alien, Individual 2, whose name is known to the Grand Jury, had come to, entered and remained in the United States in violation of law, did conceal, harbor, and shield from detection such alien in buildings and other places for the purpose of commercial advantage and private financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii), (a)(1)(B)(i), and 18 U.S.C. § 2.

## COUNT SIX

The Grand Jury further charges that on or about January 13, 2026, in the Eastern District of Tennessee, the defendants, ███████████████████ ███████████████████ ███████ and NICHOLAS FOY PASTORE, a/k/a "Nicholas OSO Pastore," aided and abetted by each other, knowing and in reckless disregard of the fact that an alien, Individual 3, whose name is known to the Grand Jury, had come to, entered and remained in the United States in violation of law, did conceal, harbor, and shield from detection such alien in buildings and other places for the purpose of commercial advantage and private financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii), (a)(1)(B)(i), and 18 U.S.C. § 2.

Case 3:26-cr-00014-KAC-JEM *SEALED* Document 19 Filed 03/24/26 Page 5 of 7 PageID #: 378

**COUNT SEVEN**

The Grand Jury further charges that on or about January 13, 2026, in the Eastern District of Tennessee, the defendants, ▮▮▮

▮▮▮ and **NICHOLAS FOY PASTORE, a/k/a "Nicholas OSO Pastore,"** aided and abetted by each other, knowing and in reckless disregard of the fact that an alien, Individual 4, whose name is known to the Grand Jury, had come to, entered and remained in the United States in violation of law, did conceal, harbor, and shield from detection such alien in buildings and other places for the purpose of commercial advantage and private financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii), (a)(1)(B)(i), and 18 U.S.C. § 2.

**COUNT EIGHT**

The Grand Jury further charges that on or about January 13, 2026, in the Eastern District of Tennessee, the defendants, ▮▮▮

▮▮▮ and **NICHOLAS FOY PASTORE, a/k/a "Nicholas OSO Pastore,"** aided and abetted by each other, knowing and in reckless disregard of the fact that an alien, Individual 5, whose name is known to the Grand Jury, had come to, entered and remained in the United States in violation of law, did conceal, harbor, and shield from detection such alien in buildings and other places for the purpose of commercial advantage and private financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii), (a)(1)(B)(i), and 18 U.S.C. § 2.

**COUNT NINE**

The Grand Jury further charges that on or about January 13, 2026, in the Eastern District of Tennessee, the defendants, ▮▮▮

██████████ and **NICHOLAS FOY PASTORE, a/k/a "Nicholas OSO Pastore,"** aided and abetted by each other, knowing and in reckless disregard of the fact that an alien, Individual 6, whose name is known to the Grand Jury, had come to, entered and remained in the United States in violation of law, did conceal, harbor, and shield from detection such alien in buildings and other places for the purpose of commercial advantage and private financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii), (a)(1)(B)(i), and 18 U.S.C. § 2.

A TRUE BILL:

███████████████████████

GRAND JURY FOREPERSON

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

DAVID P. LEWEN, JR.
RUSS SWAFFORD
Assistant United States Attorneys