UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) CASE NO. 3:26-CR-14 |
| v. | ) |
| | ) JUDGES CRYTZER/McCOOK |
| TYLER SHANE WELLS and | ) |
| ALEXANDER BONILLA-SERVIN | ) |

**UNITED STATES' CONSOLIDATED SUR-REPLY TO DEFENDANTS' REPLIES IN
SUPPORT OF MOTION TO DISMISS FOR VAGUENESS AND
JOINT MOTION TO DISMISS FOR UNLAWFUL ENTRY**

The defendants' replies rest on a single factual premise: that law enforcement officers entered the Sagittarius Lane construction site, searched it, and seized the six individuals identified in Counts Five through Ten. That premise is false. The officers never made it onto the property.

In their Reply in Support of the Motion to Dismiss for Vagueness, the defendants assert that "[t]he law enforcement officers entered the private property without a warrant and without consent." (R. Vagueness Reply at 2.) In their Reply in Support of the Joint Motion to Dismiss for Unlawful Entry, they claim that "the entry onto the property is the direct cause of the detention of the individuals who were arrested on January 13, 2026, and therefore any evidence, including notes related to their statements, should be suppressed." (R. Unlawful Entry Reply at 4.)

Both arguments depend on a factual chain that did not occur: that the officers entered the construction site, searched it, and then seized persons from it. The discovery in this case—and the charges themselves—show what actually occurred. On the morning of January 13, 2026, Bonilla-Servin drove his truck into the officers' vehicle at the entrance to Sagittarius Lane, forcibly preventing them from entering the construction site. As depicted in the screen shots from the Tennessee Highway Patrol Officer's body camera (which has been disclosed to the defense), the federal immigration officers' black Jeep never made it past the defendants' gate:

1



Post-collision: officers' black Jeep's grill in bottom right.



Post-collision: Bonilla-Servin's blue pickup truck, and officers' black Jeep (in foreground)

And the six illegal aliens identified in Counts Five through Ten were not arrested at the Sagittarius Lane construction site. They were apprehended in the adjoining residential neighborhood—a public area to which the officers had independent and lawful access. As the United States explained, approximately twenty individuals fled the construction site of their own

2

accord after Bonilla-Servin caused his truck to come into contact with the officers' vehicle. The officers who apprehended the six individuals did so in the neighborhood, on public streets, and at the request of homeowners who called 911, asking law enforcement to remove the individuals hiding in and around their homes.

The United States has set forth in its Responses in Opposition why the Sagittarius Lane construction site is legally an open field and why the officers possessed statutory authority to enter the property. Those arguments stand. But this Court need not reach either question to resolve the pending motions, because the factual predicate of the defendants' replies—that officers entered the site, searched it, and seized persons there—never occurred. There was no entry. There was no search. There was no on-site seizure.

Respectfully submitted,

FRANCIS M. HAMILTON III,
UNITED STATES ATTORNEY

s/David P. Lewen, Jr.
DAVID P. LEWEN, JR.
Assistant United States Attorney
TN Bar No. 042915
800 Market Street, Suite 211
Knoxville, TN 37902
(865) 545-4167
david.lewen@usdoj.gov

s/ Russ Swafford
RUSS SWAFFORD
Assistant United States Attorney
Tennessee Bar No. 034803
1110 Market Street, Suite 515
Chattanooga, Tennessee 37402
(423) 385-1332
russ.swafford@usdoj.gov

3