| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:26-CR-14-KAC-JEM |
| v. | ) | |
| | ) | |
| TYLER SHANE WELLS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on the United States' Motion to Continue the Trial and All Corresponding Deadlines Under the Speedy Trial Act, filed on March 10, 2026 [Doc. 58]. The Government asks to continue the March 31, 2026 trial date to August 11, 2026, to allow time for litigation of pretrial motions and trial preparations [*Id*. at 2–3]. On March 18, 2026, the Court orally granted the motion in part, finding that although Defendants Tyler Wells and Alexander Bonilla-Servin requested a trial date as soon as possible allowing for litigation of their pretrial motions, all parties agreed that the trial could not proceed on March 31, 2026, due to the Court's need to hear argument on and rule on several pending pretrial motions.[1] At that time, the Court held in reserve whether this case is complex under 18 U.S.C. § 3161(h)(7)(B)(ii) and the length of the continuance.

After consideration of the parties' positions and the entire record, including the recent entry of two new Defendants, the undersigned finds the trial should be continued to allow for the filing and litigation of pretrial motions and for the parties to prepare for trial. Although the Court does

---

[1]    On March 27, 2026, the undersigned removed the March 31, 2026 trial date and stated a new trial date will be set in a future Memorandum and Order [Doc. 104].

not find this case to be complex for speedy trial purposes, a continuance to August 11, 2026, furthers the ends of justice and serves the best interest of the Defendants and the public in a speedy trial.

## I. BACKGROUND AND PARTIES' POSITIONS

On January 14, 2026, Defendant Bonilla-Servin appeared on a Criminal Complaint [Doc. 3, Minutes]. Seven days later, the Grand Jury issued an Indictment charging Defendant Bonilla-Servin and Defendant Wells with conspiracy to harbor illegal aliens (Count One), conspiracy to forcibly resist an officer in the performance of official duties (Count Two), conspiracy to impede an officer (Count Four), and six counts of aiding and abetting each other in harboring illegal aliens for commercial advantage and private gain (Counts Five–Ten) [Doc. 16 pp. 1–8]. The Indictment also charged Defendant Bonilla-Servin with forcibly assaulting or resisting an officer in the performance of official duties (Count Three) [*Id*. at 3].

Following a detention hearing on January 16, 2026, Defendant Bonilla-Servin was released on conditions [Docs. 10, 12]. Defendant Wells first appeared on January 23, 2026 [Doc. 19], and the Court detained him following a detention hearing on January 27, 2026 [Docs. 29, 33]. The Court set the case for trial on March 31, 2026 [Doc. 31 p. 5]. Defendants filed six pretrial motions, with three being dispositive motions, on February 20, 2026 [Docs. 41, 42, 44, 46, 47 & 48].[2] On March 3, 2026, the Court scheduled an evidentiary and motion hearing for March 27, 2026. On March 10, 2026, the Government filed a motion to continue the trial and all deadlines [Doc. 58].

The Government requests a trial continuance because the case is complex due to the number of Defendants, the presence of novel questions of fact and law raised in Defendants'

---

[2] Defendant Wells also filed a Motion to Reopen Detention Hearing on February 17, 2026 [Doc. 38].

pending pretrial motions, and the voluminous discovery including review of the entire contents of Defendant Wells's cell phone [*Id*. at 3–4; Doc. 67 p. 3]. It also argues that a trial continuance is appropriate to allow time to litigate Defendant's pretrial motions [Doc. 58 pp. 1–2] and for it to gather evidence from Mexico and Guatemala via a Mutual Legal Assistance Treaty ("MLAT") request [Doc. 67 pp. 1–2]. The Government requests a new trial date of August 11, 2026, or the earliest available date thereafter [Doc. 58 p. 4; Doc. 67 p. 4].

Defendant Wells objects to a continuance of the trial that exceeds the time necessary to litigate the pending motions because he is in custody [Doc. 64 p. 1]. While he acknowledges that the time required to dispose of the six pending motions is excludable, Defendant Wells denies this case is unusual or complex due to the number of defendants, the complexity of the charges, or the amount of discovery [*Id*. at 2–3]. He asserts that the issues raised in the pretrial motions are not novel and do not require additional delay for pretrial preparation [*Id*. at 3]. Defendant Wells contends that moving the trial to August 11, 2026, exceeds the time necessary for the Court to hear and rule on pretrial motions [*Id*.].

Defendant Bonilla-Servin takes no position on whether the Court should continue the trial but agrees that the Government has not established that this case is unusual or complex for speedy trial purposes [Doc. 63 p. 1]. He agrees that the Court will need time to hear and rule on pending pretrial motions but asserts that a continuance to August 11, 2026, seems an "excessive delay" [*Id*. at 2]. Defendant Bonilla-Servin contends that the Government fails to state facts rendering this case unusual or complex or to identify any novel questions of law presented by the pending motions [*Id*. at 3–4].

The parties appeared for a motion hearing on March 18, 2026. Assistant United States Attorney David Lewen appeared on behalf of the Government. Attorneys Wade V. Davies and

3

Georgia Miller represented Defendant Wells, who was also present. Attorneys David M. Eldridge, Sharon Leveron, and Loretta G. Cravens appeared on behalf of Defendant Bonilla-Servin, who was excused from attending the hearing. AUSA Lewen argued that this case is complex because it involves multiple defendants and the pending motions raise novel legal issues, specifically Defendants attack the constitutionality of a statute in place for over twenty years. He stated this case also involves a lot of evidence, including data extracted from a cell phone. AUSA Lewen noted he has a trial in another criminal case on July 28, 2026.

Mr. Davies responded that the facts of this case are straight forward, and the length of the alleged conspiracy is short. He agreed that Defendant Wells's cell phone contains voluminous data but most of the data relates to Defendant's personal life and not to this case. Mr. Davies also argued that the Government's MLAT request is not ripe at this point and has not yet been filed. Mr. Eldridge agreed and added that the trial should be continued only long enough to permit litigation of the motions. Defense counsel requested a trial date in late May or early June.

Regarding the MLAT requests, AUSA Lewen stated the Government is seeking evidence from Mexico and Guatemala. He represented during the hearing that the request to Guatemala would be translated in two weeks and sent to the other country, which typically replies within two months. He said the request for evidence from Mexico had not progressed as far, but the Government is working diligently on this matter.

At the conclusion of the hearing, the undersigned found all parties agreed that the March 31 trial date should be continued. The Court continued the trial but took the matter of the length of the continuance under advisement.

Also on March 18, 2026, the Grand Jury issued a Superseding Indictment, adding two new defendants and omitting the former Count Two, conspiracy to forcibly resist and officer in the

4

performance of official duties, as to Defendants Wells and Bonilla-Servin [Doc. 73].[3] Defendant Nicholas Foy Pastore first appeared and was arraigned on March 24, 2026 [Doc. 80]. Defendant Omar Bonilla-Serva was arrested in the Northern District of Alabama, where he had an initial appearance on March 26, 2026 [Doc. 103 p. 2]. Defendant Bonilla-Serva was committed to this district [*Id*.]. The undersigned granted the Government's motion to postpone the March 27, 2026 motion hearing on all pending motions to give the new Defendants time to join in these motions [Doc. 97].[4]

The undersigned held a telephonic scheduling conference on April 16, 2026 [Doc. 110, Minutes]. Assistant United States Attorneys David Lewen and Russ Swafford represented the Government. Attorney Wade Davies represented Defendant Wells. Attorney Loretta Cravens represented Defendant Bonilla-Servin. Attorney Robert Kurtz appeared on behalf of Defendant Bonilla-Serna, who has yet to appear in this district. Attorney Stephen Johnson represented Defendant Pastore. Counsel for all parties appeared by telephone and Defendant Pastore joined his counsel by telephone.

AUSA Lewen confirmed that the Government has provided discovery to counsel for Defendants Pastore and Bonilla-Serna. Mr. Kurtz confirmed that he received discovery but stated that he could not estimate when he would be able to review discovery with his client or file pretrial motions given that Defendant Bonilla-Serna is in transit. Mr. Johnson stated that he had received the initial discovery disclosure was well as an additional production the day before the conference.

---

[3]      On March 25, 2026, the Court granted the Government's motion to unseal the Superseding Indictment and the case, which was sealed upon entry of the Superseding Indictment [Doc. 89].

[4]      Defendant Wells did not object to a short continuance of the motion hearing but asked that it not be extended such that it would delay the anticipated trial date [Doc. 93]. Defendant Bonilla-Servin also did not object to a short continuance of the motion hearing [Doc. 95].

He also needed significant time to review discovery and confer with his client, as well as to continue his investigation of the facts of the case.

Mr. Davies stated that Defendant Wells still sought a speedy trial given his detention. He renewed Defendant Wells's objection to a trial continuance. Ms. Cravens stated that Defendant Bonilla-Servin continued to take no position on a continuance, but counsel noted conflicts for a defense witness for June 24–26 and conflicts for counsel in July. Mr. Kurtz stated that determining an appropriate trial date is difficult because he did not know when Defendant Bonilla-Serna would arrive in the district. He stated that he and Mr. Johnson both have a two-week trial in a capital case from August 31 to September 11, 2026, and that he is not available October 19–23. Mr. Johnson thought a mid-October trial date would be the soonest he could effectively prepare for trial. He noted a conflict from October 7–9.

AUSA Lewen stated that a trial in mid-October would be appropriate. He said that he was out of the country at the end of September and that AUSA Swafford had military duty June 15–25. Mr. Davies expressed concern that extending the trial past September would violate the Speedy Trial Act.

After considering the parties' positions and conflicts, the Court set the case for trial on August 11, 2026; set a motion hearing on June 18, 2026; and provided a new schedule of deadlines for the parties, which is set forth below.

## II.    ANALYSIS

While the parties agree that a trial continuance is necessary to allow for the filing and litigation of pretrial motions, they disagree on the length of the continuance and the basis for excluding delay until the new trial date. The Government, without apparent opposition by Defendant Pastore, asks to continue the trial until mid-October 2026 because the case is complex,

6

to allow for litigation of pretrial motions, and for it to secure evidence from MLAT requests. Defendant Wells asks the Court to continue the trial to late May or early June 2026, based solely on the need to resolve the pending pretrial motions. Defendants Bonilla-Servin and Bonilla-Serna take no position, although each seeks sufficient time to litigate pretrial motions and prepare.

The Speedy Trial Act requires that a criminal defendant be brought to trial within seventy (70) days of the latter of the filing of the indictment or the date of the defendant's initial appearance. 18 U.S.C. § 3161(c)(1). The Act, however, excludes from the speedy trial calculus certain enumerated periods of delay, such as delay relating to pretrial motions, *id.* § 3161(h)(1)(D); up to thirty days during which the court has a motion under advisement, *id.* § 3161(h)(1)(H); and delay resulting from a continuance when "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," *id.* § 3161(h)(7)(A).

Moreover, "[w]hen 'multiple defendants are charged together and no severance has been granted, one speedy trial clock governs.'" *United States v. Grant*, No. 3:21-CR-44, 2022 WL 2116409, at *2 (6th Cir. June 13, 2022) (quoting *United States v. Cope*, 312 F.3d 757, 776 (6th Cir. 2002)); 18 U.S.C. § 3161(h)(6) (excluding "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."). That clock begins with the arraignment of the final defendant in the case. *United States v. Smith*, 510 F. App'x 390, 393–94 (6th Cir. 2013). Here, the final arraignment has yet to occur because Defendant Bonilla-Serna is still in transit to this district. But as illustrated below, once Defendant Bonilla-Serna enters the case, the time needed to hear and resolve pending pretrial motions is excludable and an expedited schedule will be necessary to resolve those motions before the August 11, 2026 trial date.

7

The Speedy Trial Act permits exclusion of delay for litigation of pretrial motions "from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of such motion[.]" 18 U.S.C. § 3161(h)(1)(D). Here, the Court set a motion hearing for June 18, 2026. Prior to that date, Defendants Bonilla-Serna and Pastor need time to review discovery, confer with counsel, and prepare and file pretrial motions and/or join in the pending motions. And the Government will need time to respond to new motions before they are ripe for a hearing. Following the motion hearing, the undersigned will need time to prepare reports and recommendations on the dispositive motions, the parties will need time to object and respond, and the District Judge will need time to rule on the motions. The Speedy Trial Act excludes up to thirty days while the Court has a motion under advisement, 18 U.S.C. § 3161(h)(1)(H), but expedited rulings will be necessary here to accommodate the August 11 trial date, which is set nine weeks after the motion hearing. Accordingly, the Court finds that a continuance to August 11, 2026, is necessary for counsel for all parties to complete litigation of pretrial motions and prepare the case for trial.[5]

Finally, the Court declines to find the case is complex under the Speedy Trial Act. The Act permits such a finding when "the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(b)(ii). Here, the nature of the prosecution does not appear to involve voluminous discovery and embraces a period of five months [*See* Doc. 73 p. 1]. And while Defendants attack the constitutionality of a statute in place for over twenty years, the Government does not identify any novel issue related to that attack. The

---

[5] This timeline is also consistent with the time remaining on the speedy trial clock; the seventy-day period that will begin with Defendant Bonilla-Serna's arraignment will remain tolled through the litigation of the pending pretrial motions.

8

Court notes the staggered entry of defendants in a case can support a finding that the case is complex. *United States v. Turner*, No. 3:19-CR-151, 2020 WL 2081447, at *2 (E.D. Tenn. April 30, 2020) (finding that the addition of six defendants in a superseding indictment filed six months after the initial indictment was a basis to deem the case complex, along with the serious nature of the charges and the voluminous discovery). But the Court need not find the case to be complex because here any delay is appropriately excluded under other subsections of the Act.

In sum, the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for all parties the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). In this regard, Defendants Bonilla-Serna and Pastore need time to prepare and file pretrial motions. The undersigned needs time to hold a hearing on pending pretrial motions, including dispositive motions that will require a report and recommendation, time for objections and responses, and time for the District Judge to rule. *See id.* § 3161(h)(1)(H). Following the Court's ruling on these motions, the parties will need time to prepare for trial. Accordingly, the Court finds that the trial of this case cannot proceed in less than four and one-half months. Additionally, the Court finds that the failure to grant a continuance would deprive counsel for all parties the reasonable time necessary for effective preparation even considering counsels' acting with due diligence. *See id.* § 3161(h)(7)(B)(iv). [6]

---

[6] The Court also expressly finds that the need for this continuance is not due to "general congestion of the [C]ourt's calendar or lack of diligent preparation or the failure to obtain available witnesses on the part of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(C).

## III.    CONCLUSION

The Court **GRANTS in part** the United States' Motion to Continue the Trial and all Corresponding Deadlines Under the Speedy Trial Act [**Doc. 58**] in that the trial of this case is continued to **August 11, 2026**. The Government's request to declare the case complex is **DENIED**. The Court sets out an expedited schedule for litigation of the pretrial motions and other pretrial matters below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all time between the filing of the motion on March 10, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (1)(H), & (7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1)    the United States' Motion to Continue the Trial and all Corresponding Deadlines Under the Speedy Trial Act [**Doc. 58**] is **GRANTED in part** in that the March 31, 2026 trial date is continued approximately four and one-half months and is **DENIED** in all other respects;

(2)    the trial of this matter is reset to commence on **August 11, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3)    all time between the filing of the motion on **March 10, 2026**, and the new trial date of **August 11, 2026**, is fully excludable under the Speedy Trial Act for the reasons set forth herein;

(4)    the Government's deadline for discovery disclosure is **April 23, 2026**;

(5)    the deadline for Defendants Bonilla-Serna and Pastore to file or join in pretrial motions is **May 15, 2026**, and responses to motions by these Defendants are due on or before **May 29, 2026**;

(6)    Defendant Wells's request to reopen his motion deadline for two weeks to permit additional pretrial motions was not opposed by the Government and is **GRANTED**, and Defendant Wells shall file any additional motions on or before **April 30, 2026**, and responses to these motions are due on or before **May 14, 2026**;

(7)    the parties shall appear before the undersigned for a motion and evidentiary hearing on all pending pretrial motions on **June 18, 2026, at 10:00 a.m.**;

(8)    Defendant Wells may file a notice requesting a separate, earlier motion and evidentiary hearing on his Motion to Suppress Phone Search [Doc. 48] on or before **May 14, 2026**;

(9)    the deadline for the parties to file a plea agreement in the record and to produce reciprocal discovery is **July 10, 2026**;

(10)    the deadline for motions *in limine* is **July 27, 2026**, and the deadline for responses to motions *in limine* is **August 4, 2026**;

(11)    requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **July 31, 2026**; and

(12)    the parties are to appear before the undersigned for a final pretrial conference on **July 28, 2026, at 11:00 a.m.**

**IT IS SO ORDERED.**

ENTER:

Jill. E. McCook
United States Magistrate Judge

11