# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

UNITED STATES OF AMERICA      )
     )
     )
v.      )      **Case No. 3:26-CR-14**
     )      **JUDGES CRYTZER/McCOOK**
TYLER SHANE WELLS, et al.      )

## MOTION TO SEVER

Comes the defendant, Tyler Shane Wells, through undersigned counsel, pursuant to the Fifth and Sixth Amendments to the U.S. Constitution, Rules 8, 12, and 14 of the Federal Rules of Criminal Procedure, the Speedy Trial Act, *Bruton v. United States*, 391 U.S. 123 (1968), *Samia v. United States*, 599 U.S. 635, 143 S. Ct. 2004, 216 L.Ed.2d 597 (2023), *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972) and the authorities cited in the following memorandum of law, and respectfully moves this Court for an Order severing the trial of Mr. Wells from the defendants who were recently added or who are not detained and granting him a speedy trial. The primary basis for Mr. Wells's motion to sever is to prevent lengthy pre-trial incarceration based on delays that are not attributable to him.

In support of this motion, Mr. Wells would show as follows:

1. This case was charged by Complaint against Alexander Bonilla-Servin on January 14, 2026. [Doc. 1] After a detention hearing, Mr. Bonilla-Servin was released on conditions. [Docs.10, 12]

2. A sealed indictment was returned on January 21, 2026, adding Mr. Wells as a defendant. [Doc. 16]

3.     Mr. Wells was arrested on January 23, 2026. [Doc. 36, Arrest Warrant Return] His Motion for Pre-Trial Release was denied after a hearing, and Mr. Wells was detained. [Doc. 33]

4.     Mr. Wells has been detained since January 23, 2026. Mr. Wells moved to reopen his detention hearing on February 17, 2026.  [Doc. 38] The Government responded on March 2, 2026. [Doc. 54] Mr. Wells filed a Reply [doc. 68], and the Government filed a Sur-Reply on March 24, 2026. [Doc.85] Mr. Wells filed a Supplemental Proffer the next day. [Doc. 87]

5.     Because Mr. Wells is detained, he has not filed any motion to continue.  He met the original motions deadline.  On March 10, 2026, the Government filed a motion to continue the trial.  [Doc. 58] Because he is detained, Mr. Wells objected to any continuance beyond that necessary to litigate the pending motions. [Doc. 64, PageID#633] Mr. Wells argued that the Government's proposed date of August 11, 2026, or beyond, was in excess of what would be required for disposition of motions.

6.     On the same day the Court heard argument on the Government's Motion to Continue, the Government filed a sealed Superseding Indictment adding defendants Pastore and Bonilla-Serna. [Doc. 73]

7.     The Government then moved to continue the scheduled motions hearing. [Doc. 91]. Mr. Wells replied that he did not object but asked that it not be extended in a manner that could delay an anticipated trial date. [Doc. 93]

8.     Mr. Pastore was released on conditions. [Doc. 102]

9.     The Court held a telephonic hearing on April 16, 2026. The trial was reset to August 11, 2026.  The Court's Order details the parties' positions including the fact that "Defendant Wells still sought a speedy trial given his detention." [Doc. 111, PageID#760] The Court made findings under the Speedy Trial act and set the trial for August 11, 2026.

10.     Given the posture of the case, however, it is highly likely that an additional

2

continuance will be sought by the Government and/or counsel for codefendants.

11.     At the April 16, 2026, hearing, counsel for the newly added defendants appropriately cautioned that they might need additional time. The Court has noted that expedited rulings would be necessary even under the current schedule. [Doc. 111, PageID#762] Counsel for codefendants have not had time to analyze the legal issues. Because Mr. Pastore is not detained, his interest will be to identify and litigate issues as thoroughly as possible, whereas Mr. Wells attempted to expedite his motion practice.

12.     It does not appear from the docket as of this date that Mr. Bonilla-Serna has even appeared in the Eastern District of Tennessee. It is highly likely that his counsel will require additional time to prepare.

13.     Further, the Government has represented that it may seek an additional continuance in order to obtain foreign evidence.

## MEMORANDUM

### I.     This Court Has Discretion to Order Separate Trials to Prevent Prejudice.

Defendants may, in general, be joined in an indictment together when they are charged with the same offense. However, if joinder "appears to prejudice a defendant or the government," a court may sever the defendants' trials "or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). Mr. Wells requests that this Court exercise its discretion to prevent prejudice by severing the trials.

This Court has broad discretion to order severance:

**(b) Joinder of Defendants.** The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

3

Fed. R. Crim. P. 8.

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).

> Before ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence.

Fed. R. Crim. P. 14(b).

Defendants should be severed whenever "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

 Severance is warranted if joinder causes substantial, undue, or compelling prejudice against a party. *United States v. Lopez*, 309 F.3d 966, 971 (6th Cir. 2002). Joint trials are generally preferred because they "promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *Zafiro*, 506 U.S. at 537 (quoting *Richardson v. Marsh*, 481 U.S. 200, 209, 210 (1987)). However, "justice, not judicial economy, is the first principle of our legal system. And under no circumstances may well-intentioned efforts to conserve judicial time be permitted to prejudice the fundamental right of a criminal defendant to a fair trial." *United States v. Crane*, 499 F.2d 1385, 1388 (6th Cir. 1974).

## II.      Pre-Trial Incarceration Can Justify Severance

Pre-trial incarceration may support a finding of prejudice that warrants severance. *See United States v. Peltier*, No. 18-00036-08-CR-W-BCW, 2020 U.S. Dist. LEXIS 190662, at *11-12 (W.D.

4

Mo. Oct. 14, 2020) (finding potential delay for non-capital defendant to be tried with capital defendants of up to 10 months was not reasonable and granting severance). *See also United States v. Theron*, 782 F.2d 1510, 1513–17 (10th Cir. 1986) (detained defendant who opposed continuances, sought severance and immediate trial, and was ready to proceed should not be held for months solely to accommodate codefendants' preparation; showing that delay reasonable for joint-trial efficiency may become unreasonable when imposed on an incarcerated defendant)(prior version of Act).

In its Order setting the trial date, the Court noted that the Speedy Trial Act anticipates only one clock for properly joined codefendants. [Doc. 111, PageID#761]. As the *Peltier* opinion points out, however, the provision regarding excludable time caused by codefendants is not absolute. Reliance on the codefendants' Speedy Trial Act excludable time is subject to a reasonableness requirement. The time must be both excludable and reasonable. *Peltier* at 11-12. The language of the Speedy Trial Act specifically contains the reasonableness requirement. 18 U.S.C. § 3161(h)(6) (excluding "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.").

This is not a situation in which Mr. Wells has invoked a speedy trial request only recently or for tactical advantage. *See, e.g., United States v. Rakestraw*, No. CR 18-01695-TUC-JAS (EJM), 2021 U.S. Dist. LEXIS 162110, at *19-20 (D. Ariz. June 16, 2021) (noting that the defendant's position about speedy trial had not been consistent in finding lack of prejudice). Rather, Mr. Wells has consistently sought a speedy trial and to minimize pre-trial incarceration. See *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972). Along with impairment of the defense, pre-trial detention and anxiety are specifically mentioned as potential sources prejudice under *Barker*. *Id.* at 532.

Under the circumstances, Mr. Wells respectfully moves for severance from the newly added and non-detained defendants so that they can pursue their preparation and legal arguments as appropriate for their circumstances and Mr. Wells can avoid unreasonable pre-trial incarceration.

### III.     Severance Would Preserve the Right to Confrontation.

At least one statement attributed to a codefendant in discovery indicates that Mr. Wells asked Bonilla-Servin to block the road and offers the reasons and circumstances.[1] If this statement were offered as a statement of a non-testifying codefendant, Mr. Well's confrontation clause rights would be violated. The Sixth Amendment to the U.S. Constitution secures an accused's right of cross-examination. U.S. Const. Amend. VI. An accused is deprived of their right to cross-examine a witness and contest their credibility when a co-defendant's confession inculpating the accused is introduced but the co-defendant exercises their Fifth Amendment privilege and does not testify. *Bruton v. United States*, 391 U.S. 123,137 (1968); *United States v. Sherrill*, 972 F.3d 752, 763 (6th Cir. 2020).

Where a *Bruton* situation exists, a court may protect the non-confessing defendant's Sixth Amendment rights by (1) exclusion of the confession, (2) severance of the trial, or (3) redaction of the confession to avoid mention or obvious implication of the non-confessing defendant. *See Richardson v. Marsh*, 481 U.S. 200, 209 (1987); *Gray v. Maryland*, 523 U.S. 185, 192 (1998) (finding "[r]edactions that simply replace a name with an obvious blank space or a word such as 'deleted' or a symbol or other similarly obvious indications of alteration, however, leave statements

---

[1] Pursuant to Fed. R. Crim. 14(b), Mr. Wells respectfully requests that this Court order the government to identify any statements of the co-defendant that it intends to use at trial.

that, considered as a class, so closely resemble *Bruton*'s unredacted statements that, in our view, the law must require the same result."); *United States v. Sherrill*, 972 F.3d 752, 763–64 (6th Cir. 2020) ("Defendants are correct that 'a defendant is deprived of his Sixth Amendment right of confrontation when the facially incriminating confession of a nontestifying codefendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the codefendant.'") (citing *Richardson*, 481 U.S. at 207 (citing *Bruton*, 391 U.S. at 135–36)); *United States v. Al-Din*, 631 F. App'x 313, 321 (6th Cir. 2015) (explaining that when one defendant's name "was replaced with the neutral phrases 'someone' and 'the guy,'" and the other "was not referred to at all," the "redactions and alterations . . . avoid[] a *Bruton* violation")).

Recently, the United States Supreme Court found no Confrontation Clause violation where a non-testifying co-defendant's statement was altered to remove direct reference to the defendant and the jury was given an instruction not to consider the statement against the defendant. *Samia v. United States*, 599 U.S. 635, 143 S. Ct. 2004, 216 L.Ed.2d 597 (2023). The Court continued to distinguish between confessions that directly implicate a defendant and those that do so indirectly. *Id.* at 609. The example given in this case would be direct implication. The Court upheld the redaction in that case, but did not hold that redaction is the only remedy. Severance would prevent the issue from arising at all.

## IV. Conclusion

For the foregoing reasons, Mr. Wells respectfully requests that this Court exercise its discretion to grant Mr. Wells a separate trial in this case.

Respectfully submitted this 30th day of April, 2026, by:

/s/ *Wade V. Davies*
WADE V. DAVIES [BPR #016052]

7

GEORGIA A. MILLER [BPR #041197]
The Davies Law Firm, PLLC
900 S. Gay Street, Suite 802
Knoxville, TN 37902
(865) 686-6333
<u>wdavies@wadedavies.law</u>
*Counsel for Tyler Wells*

8