# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:26-CR-14 |
| | ) | |
| NICHOLAS FOY PASTORE | ) | |

## MOTION TO CONTINUE TRIAL AND ALL RELATED DATES AND DEADLINES

Defendant Nicholas Foy Pastore, through counsel, pursuant to U.S. Const. amends. V and VI, 18 U.S.C. § 3161(h)(7)(B)(i) and -(iv), Fed. R. Crim. P. 45(b)(1), E.D. Tenn. L.R. 38.2, and the authorities below, moves this Court to continue the trial and all dates and deadlines, including the motions cut-off deadline presently scheduled for May 15, 2026, with a trial scheduled to begin no sooner than November 2026. *See* Minute Entry, ECF No. 110, PageID 753 (Scheduling Conference). The government does not oppose Mr. Pastore's motion.

In further support, the following is submitted:

(1)    On March 24, 2026, Mr. Pastore was charged via superseding indictment and arraigned. Minute Entry, ECF No. 80, PageID 685 (Arraignment). Although the government requested detention, the court found that there are conditions on which he could be released. *See* Minute Entry, ECF No. 100, Page ID 728.

(2)    On April 16, 2026, the court held a scheduling conference with all defense counsel and established deadlines in advance of trial, including a deadline for pretrial motions the following month. *See* Memorandum and Order, ECF No. 111, PageID 764 (providing, in part, that "deadline for Defendants Bonilla-Serna and Pastore to file or join in pretrial motions is May 15, 2026").

(3)    The government has provided discovery productions in March, April, and May

2026. Discovery consists of photographs, body camera and other videos, numerous state and federal law enforcement reports, witness statements, a mobile phone forensic extraction, and information about Mr. Pastore's co-defendants. At the scheduling conference in mid-April, undersigned counsel informed the court that he needed "significant time to review discovery and confer with his client, as well as to continue his investigation of the facts of the case." *See* Memorandum and Order, ECF No. 111, PageID 760.

(4)     Absent a continuance of the motions cut-off and an extension of all deadlines in the Order on Discovery and Scheduling, Mr. Pastore will be denied due process, effective assistance of his counsel of choice, the ability to engage in effective investigation and research into pretrial motions practice, the ability to engage in effective negotiations with the government, and the ability to investigate, make, and present a defense in order to meet the government's allegations at a jury trial, despite the exercise of counsel's due diligence. *See Mitchell v. Mason*, 325 F.3d 732, 743–44 (6th Cir. 2003) (citing and quoting *Strickland v. Washington*, 466 U.S. 668, 691 (1984)); *McCoy v. Louisiana*, 584 U.S. 414, 426–28 (2018) (holding Sixth Amendment requires right to a criminal defendant to personal defense, choose objective, and guide counsel's trial strategy); *Lafler v. Cooper*, 566 U.S. 156, 162 (2011) (noting Sixth Amendment right to counsel extends to plea-bargaining process); *Missouri v. Frye*, 566 U.S. 134, 144–46 (2012) (same); 18 U.S.C. § 3161(h)(7)(B)(i) (miscarriage of justice); 18 U.S.C. § 3161(h)(7)(B)(iv) (prevent denial of counsel or provide necessary time for effective preparation).

For all these reasons, Mr. Pastore respectfully requests a continuance of the motions-cut off deadline, the plea agreement deadline, the trial date, and all corresponding deadlines by with a trial scheduled no sooner than November 2026. The government does not oppose this

motion.

Respectfully submitted this 15th day of May 2026.

RITCHIE, JOHNSON & STOVALL, P.C.

STEPHEN ROSS JOHNSON [BPR No. 022140]
606 W. Main Street, Suite 300
Knoxville, TN 37902
(865) 637-0661
johnson@rjs.law

## DECLARATION OF COUNSEL

Pursuant to E.D. Tenn. L.R. 38.2 (rev. April 8, 2026), which requires "a written motion with a supporting affidavit and a showing of good cause" for a trial continuance, the undersigned counsel affirms under penalty of perjury that the factual information contained in this motion is true and correct to the best of his knowledge, information, and belief.[1]

Executed on May 15, 2026, by:

STEPHEN ROSS JOHNSON

---

[1] *See* 28 U.S.C. § 1746 (declaration under penalty of perjury may with like force and effect be used whenever a rule or order requires an affidavit).