# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

UNITED STATES OF AMERICA          )
                                  )
                                  )
v.                                )          **Case No. 3:26-CR-14**
                                  )          **JUDGES CRYTZER/McCOOK**
TYLER SHANE WELLS, et al.         )


**WELLS'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO SEVER**

Mr. Wells has moved to sever his trial to prevent lengthy pre-trial incarceration based on delays that are not attributable to him. [Doc. 112] The Government has responded arguing that the Court should simply adopt the normal preference for joint trials in conspiracy cases. [Doc. 128]. The government does not dispute that Mr. Wells has been detained since January 23, 2026, that he has consistently sought a speedy trial and that additional defendants were added after his arrest and detention and after he sought a speedy trial. Instead, the government relies on generalized joint-trial preferences. Mr. Wells is not making a generic argument that there might be spillover prejudice. This is a unique case in which Mr. Wells moves the Court to exercise its discretion to prevent obvious prejudice.[1]

Mr. Wells relied on two cases to show that pre-trial incarceration may support a finding of prejudice that warrants severance. *See United States v. Peltier*, No. 18-00036-08-CR-W-BCW,

---

[1] The Government's argument that Mr. Wells "misstates" the standard misses the entire argument. The Government argues that counsel's use of the word "whenever" instead of "only if" means the argument is that severance is the rule rather than an exception. [Doc. 128, at 1-2, PageID##820-21. The motion makes no such argument. In fact, the entire section of the defense motion is called "This Court Has **Discretion** to Order Separate Trials to Prevent Prejudice." [Doc. 112 at 3, PageID#768]. The Government's claim that counsel somehow misstated the standard attempts to create an issue that doesn't exist. Mr. Wells's argument is that once prejudice is identified, the Court has discretion to remedy the prejudice by ordering a separate trial.

2020 U.S. Dist. LEXIS 190662, at *11-12 (W.D. Mo. Oct. 14, 2020); *See also United States v. Theron*, 782 F.2d 1510, 1513–17 (10th Cir. 1986). The Government attempts to distinguish both cases, but does not refute the point, which is that delay/detention can amount to prejudice warranting severance. The Government attempts to distinguish *Peltier* because it says the delay in *Peltier* of up to ten months was twice as long as the delay in this case and because it involved death penalty preparation that does apply here. [Doc. 128 at 5, PageID#824] The Government's comparative length of the delay argument is undermined by the fact that since the Government filed its reply, as expected, codefendants have sought another continuance. [Docs. 126, 130]. One of the motions asks for trial no sooner than November 2026. Significantly, the Government does not oppose the motion. [Doc. 126, p. 2, PageID#819; Doc. 130, p. 1-2, PageID##842-43]. The Government previously stated that a mid-October trial would be appropriate. [Doc. 111 at 6, PageID#160] Mr. Wells has asserted his speedy trial rights since before the Government superseded the indictment and added defendants. Mr. Wells has been incarcerated in the Blount County jail since January 23, 2026.

The Government attempts to distinguish *Theron* because that defendant did not file motions, claiming that Mr. Wells has raised legal challenges so he somehow wants to "have his cake and eat it too." [Doc. 128 at 4, PageID#823]. There is no requirement that a defendant waive all other rights in order to request a speedy trial. Mr. Wells has been precise in what he has requested. In stating his position to the Government's first motion to continue, Mr. Well stated that he objected to the proposed August 11, 2026 date because it was beyond that necessary to litigate the pending motions. Mr. Wells has never stated that the time reasonably necessary to litigate his motions was not appropriate.

2

The Government does not engage with Mr. Wells's point from *Peltier* opinion that the provision regarding excludable time caused by codefendants is not absolute. Reliance on the codefendants' Speedy Trial Act excludable time is subject to a reasonableness requirement. The time based on codefendant needs must be both excludable and reasonable. *Peltier* at 11-12. The language of the Speedy Trial Act specifically contains the reasonableness requirement. 18 U.S.C. § 3161(h)(6) (excluding "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."). The Government just says that the Court already made a reasonableness finding. Mr. Wells does not argue that detention alone overrides § 3161(h)(6). But detention changes the reasonableness calculus. A delay that may be reasonable for released defendants with newly retained counsel may be unreasonable when imposed on a defendant who is detained and prepared to proceed.

In discussing the *Bruton* issue, the Government argues it might choose not to use the codefendant statement. P. 8 The Government claims, "[t]he text messages from Wells's phone do most of the work." [Doc. 128 at 8, PageID#827]. The Government further claims, "[e]ven if every 302 in the case were excluded, the text messages alone would prove the conspiracy." *Id.* If that is true, and the case is as simple as the Government now represents, severance will be of limited prejudice to the Government. This minimal prejudice to the Government should be weighed against the significant prejudice to Mr. Wells in being incarcerated from January to potentially November at this point.

**Conclusion**

For the foregoing reasons, Mr. Wells respectfully requests that this Court exercise its discretion to grant Mr. Wells a separate trial in this case.

3

Respectfully submitted this 26th day of May, 2026, by:

/s/ *Wade V. Davies*
WADE V. DAVIES [BPR #016052]
GEORGIA A. MILLER [BPR #041197]
The Davies Law Firm, PLLC
900 S. Gay Street, Suite 802
Knoxville, TN 37902
(865) 686-6333
wdavies@wadedavies.law
*Counsel for Tyler Wells*

4