**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:26-CR-14 |
| v. | ) | |
| | ) | JUDGE Crytzer |
| NICHOLAS FOY PASTORE | ) | |

**PLEA AGREEMENT**

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, Nicholas Foy Pastore, and the defendant's attorney, Stephen Ross Johnson, have agreed upon the following:

1. The defendant will plead guilty to the following count(s) in the superseding indictment:

a) Count One. Conspiracy to conceal, harbor, and shield illegal aliens from detection for the purpose of commercial advantage and private financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and (v)(I), (a)(1)(B)(i).

The punishment for this offense is as follows: up to 10 years in prison, a fine up to $250,000 or twice the gross gain, up to 3 years supervised release, and $100 special assessment.

2. In consideration of the defendant's guilty plea(s), the United States agrees to move the Court at the time of sentencing to dismiss the remaining count(s) against the defendant in the superseding indictment.

3. The defendant has read the superseding indictment, discussed the charges and possible defenses with defense counsel, and understands the crime(s) charged. Specifically, the elements of the offense(s) are as follows: (1) an Individual was an alien, (2) the Individual was not lawfully in the United States, (3) the defendant knew or acted in reckless disregard of the fact that the Individual was not lawfully in the United States, (4) the defendant conspired with others to

intentionally harbor, conceal, or shield from detection for the purpose of avoiding the Individual's detection by immigration authorities for the purpose of commercial advantage or private financial gain, (5) the defendant knowingly and intentionally joined the conspiracy, and (6) the defendant participated in the conspiracy.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

a) From at least September 2025 and continuing through January 2026, in the Eastern District of Tennessee and elsewhere, the defendant, while working for a plumbing company in Nashville, agreed and worked with others, including co-defendants Tyler Wells, Omar Bonilla-Serna, and Alexander Bonilla-Servin, to harbor persons the defendant recklessly disregarded were illegal aliens at Wells's commercial construction site (hereinafter, "the site"), located in Hardin Valley, Tennessee.

b) The defendant, in his capacity as a plumber, facilitated the employment of plumbers, including persons the defendant recklessly disregarded were illegal alien plumbers, at the site. The defendant conspired with others to harbor these persons, which made them available to work at the site.

c) During the investigation, federal law enforcement agents conducted surveillance of the site in December 2025 and January 2026. However, co-defendant Wells and others took affirmative steps to shield workers at the site. This effort began with Wells notifying the defendant and others to have their workers vacate the site. For example, on December 20, 2025, Wells texted the defendant and others: "Everybody get your guys off the job site. Send them all

home. Ice is on the job." Moments later, Wells sent another text message to the defendant and others reiterating the urgency: "Hey guys, get all your crew off my job site right now. Ice is on my job. Please tell everybody to leave vacate the property." In response, the defendant emphasized ("!!") Wells's text message.

d) The next day, December 21, the defendant texted Wells: "Hey bud, any update on the ice situation?" Wells responded: "Not yet I will be at the job by 7 am and you all can send and come work I will lock gates and stay in front of the job. To hold it down!!" The defendant "liked" that text message.

e) On January 6, 2026, the defendant and Wells had a lengthy text exchange about illegal alien workers being afraid to show up to and work at the site in Hardin Valley due to the presence federal immigration enforcement in the area. Wells reassured the defendant that Wells was going "to make it safe for all to be [on the site]" and that he "will keep [ICE] out" of the site. The defendant responded that he (the defendant) and others are reminding the workers that "immigration is everywhere" but that "we're gonna fucking keep them safe." Wells replied, "I hope they know I will not let[] them get taken." The defendant responded, "Once the fear takes over, it's really hard to convince them." Wells replied, "Oh yeah I know right they should go back home then u know". The defendant responded, "Exactly. There's always gonna be a certain amount of risk involved if you're here without papers and if you ain't willing to deal with that risk then what are you doing?" Wells replied, "Yeah go home haha". The defendant responded, "I'll fuckin snitch on they ass if he bails on me (laughing emoji)". Wells replied, "Lmao (laughing emoji) hell yeah." The defendant and Wells, seeking a commercial advantage, needed a sufficient number of illegal alien workers to work at the site—and "keep them safe" from detection, apprehension, and removal by federal immigration officials—in order to complete the townhomes so that they could be sold.

f) On January 13, 2026, six (6) workers at the site were arrested and have since

returned to their home countries of Mexico and Guatemala.

g) Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the parties agree and stipulate that the defendant should be held accountable for harboring between 6 and 24 illegal aliens, which adds three levels under U.S.S.G. § 2L1.1(b)(2)(A), and that the defendant was a minor participant in the offense, which subtracts 2 levels under U.S.S.G. §3B1.2(b).

h) Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the parties agree and stipulate that the facts above constitute all the relevant conduct and offense conduct that can be established by a preponderance of the evidence for which the defendant should be held accountable at sentencing.

The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

a) the right to plead not guilty;

b) the right to a speedy and public trial by jury;

c) the right to assistance of counsel at trial;

d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

e) the right to confront and cross-examine witnesses against the defendant;

f) the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

g) the right not to testify and to have that choice not used against the defendant.

5. The parties agree that the appropriate disposition of this case would be the following as to each count:

a) The Court may impose any lawful term(s) of imprisonment, any lawful fine(s), and any lawful term(s) of supervised release up to the statutory maximum(s);

b) The Court will impose special assessment fees as required by law; and

c) The Court may order forfeiture as applicable and restitution as appropriate.

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea(s). The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence investigation report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

6. The parties have made one or more sentencing recommendations pursuant to Rule 11(c)(1)(B). Any such recommendations are not binding on the Court and the defendant may not withdraw his/her guilty plea(s) if the Court rejects the parties' recommendation(s).

7. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if

already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

8. The defendant agrees to pay the special assessment in this case prior to sentencing.

9. Financial Obligations. The defendant agrees to pay all fines and/or restitution to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

10. If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

11. The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

12. If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

13. The defendant voluntarily, knowingly, and intentionally agrees to the following:

14. The defendant will not file a direct appeal of the defendant's conviction(s) or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

a) The defendant will not file a direct appeal of the defendant's conviction(s) or sentence. The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

b) The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c) The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

15. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. (Indeed, because the defendant is pleading guilty to 8 U.S.C. § 1324 removal is presumptively mandatory.) Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of the defendant's conviction on immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences the plea may entail, even if the consequence is automatic removal from the United States.

16. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that

were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

17. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

18. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises,

representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

8/3/26
Date

By: [signature]
DAVID P. LEWEN, JR.
RUSS SWAFFORD
Assistant United States Attorneys

8/3/2026
Date

[signature]
NICHOLAS FOY PASTORE
Defendant

8/3/2026
Date

[signature]
STEPHEN ROSS JOHNSON
Attorney for the Defendant