IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TYLER SHANE WELLS and<br>ALEXANDER BONILLA-SERVIN,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:26-CR-14-KAC-JEM |

**REPORT AND RECOMMENDATION**

This case is before the Court for report and recommendation on Defendants Tyler Wells's and Alexander Bonilla-Servin's Motion to Dismiss Indictment Based on the Unlawful Entry of Federal Officers [Doc. 47].

Defendants Wells and Bonilla-Servin are charged with conspiring to harbor illegal aliens, forcibly preventing federal officers from discharging their official duties, and six counts of aiding and abetting each other in harboring six illegal aliens [Doc. 73 pp. 1–7]. Defendant Bonilla-Servin is individually charged with forcibly interfering with federal officers in the performance of their official duties by using his vehicle to strike the officers' vehicle [*Id*. at 2].

Defendants allege these charges arise out of the unlawful entry of Immigration and Customs Enforcement ("ICE") officers onto a private road to a construction site [Doc. 47 p. 1]. They assert that the ICE officers entered private property without a warrant, despite a gate and no trespassing sign, and the officers' vehicle "made contact with the vehicle" driven by Defendant Bonilla-Servin [*Id*. at 4]. They contend the officers, who falsely told others on the site they had a warrant, broke the window of Defendant Bonilla-Servin's vehicle, extracted him from his vehicle

at gunpoint, and secured him with zip ties [*Id.* at 2, 4]. Defendants ask the Court to dismiss the charges because the officers' unlawful entry "shock[s] the conscience of the court" in violation of the Due Process Clause of the Fifth Amendment [*Id.* at 6]. Alternatively, they contend the officers' warrantless entry violates the Fourth Amendment and ask that all evidence obtained from the unlawful entry be suppressed [*Id.* at 4–5, 7]. Defendants request an evidentiary hearing on these issues [*Id.* at 7].

In the context of ruling on a motion to quash subpoenas, District Judge Katharine A. Crytzer held that Defendants Wells and Bonilla-Servin lack standing to challenge the officers' entry onto the construction site under the Fourth Amendment [Doc. 208 pp. 4–7]. Judge Crytzer also held that even viewing the facts as characterized by Defendants, the allegations "fail to shock the conscience in a Constitutional sense" [*Id.* at 7–9]. These rulings constitute the law of the case and determine the fate of Defendants' motion as a whole. Accordingly, the undersigned respectfully recommends that the District Judge **DENY** Defendant Wells's and Bonilla-Servin's joint motion to dismiss [Doc. 47] for the same reasons as stated in the Order of November 2, 2026 [Doc. 208].

## I. BACKGROUND AND POSITIONS OF THE PARTIES

Defendants Wells and Bonilla-Servin are charged with conspiring with Defendants Omar Bonilla-Serna, Nicholas Foy Pastor and others known and unknown to "conceal, harbor, and shield from detection" in buildings and other places for the purpose of commercial advantage and private financial gain, six aliens, while "knowing and in reckless disregard of the fact that" the aliens had illegally entered and remained in the United States, all in violation of 8 U.S.C. § 1324(a)(1)(A)(iii), (a)(1)(A)(v)(I), and (a)(1)(B)(i) (Count One) [Doc. 73 p. 1]. Defendants Wells, Bonilla-Servin, and Bonilla-Serna are also charged with conspiring with each other and others known and

unknown to prevent federal officers from lawfully discharging their duties, to injure federal officers on account of and while engaged in their official duties, and to injure the property of federal officers to impede them in the discharge of their official duties, all in violation of 18 U.S.C. § 372 (Count Three) [*Id.* at 2–4]. The Superseding Indictment also alleges that Defendants Wells, Bonilla-Servin, and Bonilla-Serna, along with Defendant Pastore, aided and abetted each other in six counts of concealing, harboring, and shielding from detection six illegal aliens "in buildings and other places for the purpose of commercial advantage and private financial gain in violation of 8 U.S.C. § 1324(a)(1)(A)(iii)[ and] (a)(1)(B)(i)" (Counts Four–Nine) [*Id.* at 4–7]. Defendant Bonilla-Servin is solely charged with "forcibly assault[ing], resist[ing], oppos[ing], imped[ing], intimidat[ing], and interfere[ing]" with federal officers in the performance of their official duties by using his vehicle to strike the officers' vehicle in violation of 18 U.S.C. § 111(b) (Count Two) [*Id.* at 2]. Several charges relate to events occurring "on or about January 13, 2026" [*See id.*].

In her Order of November 2, 2026, the District Judge described the allegations and procedural history of the Defendants' Motion to Dismiss Indictment Based on the Unlawful Entry of Federal Officers [Doc. 47]:[1]

> Before the Superseding Indictment issued, Defendants Wells and Bonilla-Servin moved to dismiss the indictment against them "pursuant to the Fourth Amendment to the United States Constitution and Due Process Clause of the Fifth Amendment" "on

[1] Defendants Wells and Bonilla-Servin jointly filed the Motion to Dismiss Indictment Based on Unlawful Entry of Federal Officers [Doc. 47] on February 20, 2026. The Government responded in opposition [Doc. 61]. On March 20, 2026, Defendant Wells filed a reply [Doc. 78]. The Government filed a surreply on March 24, 2026 [Doc. 86]. On March 27, 2027, the undersigned entered an Order permitting Defendants to file a reply to the Government's surreply on or before April 2, 2026 [Doc. 99]. On April 2, 2026, Defendant Wells filed a Surreply to Government Surreply [Doc. 108], and Defendant Bonilla-Servin filed a Motion to Join and Adopt Surreply to Government Surreply, asking that the Court permit him to join in Defendant Wells's surreply because "the facts and arguments stated therein also apply to [him]" [Doc. 109 p. 1].

the grounds that the charges in this case emanate from the unlawful action of the Immigration and Customs Enforcement Officers in entering property" on or about January 13, 2026 [*See* Doc. 47 at 1]. Specifically, they assert that the entry onto "a private road in Hardin Valley" in Knoxville, Tennessee, known as "Sagittarius Lane," "that serves as an entrance to a residential construction site" violated the Fourth and Fifth Amendments to the constitution and that "dismissal is the appropriate remedy to address this constitutional violation" [*See id*. at 1–2]. "In the alternative, the Defendants ask the Court to suppress any evidence that resulted from the unconstitutional search and seizure," under a fruit-of-the-poisonous-tree theory [*See id*. at 1, 7 (citing *Wong Sun v. United States*, 371 U.S. 471 (1963))]. But the Motion does not identify (1) what evidence Defendants would seek to suppress and (2) how that evidence would qualify as a "fruit" of the allegedly poisonous tree [*See* Doc. 47].

Taking all of the facts in support of the Motion to Dismiss as true and in the light most favorable to Defendants, on January 13, Sagittarius Lane was a "private road" [Doc. 47 at 1]. It "was secured by a gate and was posted with a no trespassing sign" [*Id*. at 3]. Sagittarius Lane "serve[d] as an entrance to a residential construction site" [*Id*. at 1]. Sagittarius Lane and the construction site were "maintained by the developer, and the developer h[e]ld[] liability" for Sagittarius Lane [*Id*. at 3].

The construction site itself was "in a state of active construction," [*id*. at 2 (cleaned up)]; it had a "fence" and "several buildings, an office, and other structures," [Doc. 78 at 2]. But "[n]one of the townhomes" at the construction site "were complete" "and no residents lived there" [Doc. 47 at 2 (cleaned up)]. Defendants worked at the construction site [*See* Docs. 61 at 7, 78 at 3]. Defendant Bonilla-Servin was "a worker" at the construction site, [Doc. 61 at 7], and Defendant Wells "assisted in maintaining and managing the" construction site, [Doc. 78 at 3].

On January 13, two Immigration and Customs Enforcement ("ICE") officers "entered" Sagittarius Lane [*See* Doc. 47 at 1]. There was a "minor collision between an ICE vehicle" and Defendant Bonilla-Servin's truck at or near the entrance to the road [*See* Doc. 47 at 2, *see also* Doc. 202 at 7]. After the "minor collision," ICE officers "drew their weapons, pointed them at [Defendant Bonilla-Servin], yell[ed] commands to him," "broke the window to [his] truck, reached in and unlocked the passenger door," and "drug him out" to "the ground" before arresting him [Doc. 47 at 2]. It appears that both Defendants were working at the construction site that day.

> The assigned magistrate judge scheduled a hearing on the Motion to Dismiss. In advance, Defendant Bonilla-Servin served two relevant ICE officers with subpoenas "to testify at the hearing" [*See* Docs. 170 at 1, 170-1]. Each subpoena identifies eleven (11) topics on which Defendants sought testimony [*See* Doc. 170-1 at 3, 6]. As relevant here, those topics include whether the agents had a warrant or consent to enter "the site on January 13" or represented that they did; whether they had observed "a no trespassing sign posted on the gate to the site" before or on January 13; and whether they had been informed that the "property was private" [*See id.*]. The subpoenas also sought evidence about other interactions officers had that day, including what they were asked and said regarding their investigation and purpose at "the site" [*See id.*].
>
> The United States filed a Motion to Quash the subpoenas under Federal Rule of Criminal Procedure 17 [*See* Doc. 170]. The assigned magistrate judge denied the motion [Doc. 189]. And the United States filed the instant appeal and objections [*See* Docs. 190, 191]. The [District Judge] stayed the hearing on the Motion to Dismiss [*See* Doc. 198].

[Doc. 208 pp. 1–4 (footnotes omitted) (all but final alteration in original)].

In ruling on the Government's appeal of the motion to quash, the District Judge found the testimony of the ICE officers was not relevant for two reasons [*Id.* at 4–9]. First, the Court concluded that neither Defendant Wells as the manager of the construction site, nor Defendant Bonilla-Servin as a worker at the site, demonstrated that he had a legitimate expectation of privacy in the entry onto Sagittarius Lane [*Id.* at 5–7]. The Court also found that nothing about the location itself—"a road open to the air, not a covered structure or building or an identified active workplace"—even the presence of a gate and a no trespassing sign, established that the Defendants had a legitimate expectation of privacy for purposes of the Fourth Amendment [*Id.* at 7 (citing *O'Connor v. Ortega*, 480 U.S. 709, 719 (1987) & *United States v. Rapanos*, 115 F.3d 367, 373 (6th Cir. 1997))]. Noting that Defendants Wells and Bonilla-Servin argued that they should be able to establish their standing at a hearing on the underlying motion, Judge Crytzer determined that Defendants "each had the burden to establish standing to raise a Fourth Amendment challenge in

the Motion to Dismiss" [*Id.* at 7 n.6]. Thus, viewing the facts offered in the record on standing as true and in the light most favorable to Defendants, who did not "identif[y] any fact bearing on his standing that he could not marshal or raise to date[,]" the Court found "no principled reason for the [Court] to delay or defer" its ruling [*Id.*].

Second, Judge Crytzer found Defendants' argument under the Due Process Clause also failed to support a need for the subpoenas [*Id.*]. The Court concluded that even assuming a shocks-the-conscience defense exists, "the conduct alleged in the Motion to Dismiss and suggested by the topics in the subpoenas would not rise to the level of a violation of the Due Process clause" [*Id.* at 8 (citing *United States v. Harney*, 934 F.3d 502, 506–07 (6th Cir. 2019))]. Viewing the facts as stated by Defendants, Judge Crytzer concluded that the "officers' entry upon private property and representation to some individuals that the officers had a warrant, when they did not, is not enough to meet the weighty shock-the-conscience standard" [*Id.*]. Nor did considering "the additional facts that officers knew they were on private property without consent to enter and were less than forthcoming about their purpose for entering the property" tip the balance [*Id.* at 8–9]. The District Judge found that considering all these facts in "combination would still fail to shock the conscience in a Constitutional sense" [*Id.* at 9 (citing *Harney*, 934 F.3d at 506)]. And "[w]ithout meeting this weighty standard, neither dismissal of the claims against Defendants Bonilla-Servin or Wells, nor suppression of some unidentified evidence is even conceptually available under the Due Process clause" [*Id.*]. Accordingly, the Court sustained the Government's objections and granted its motion to quash the subpoenas for the ICE officers [*Id.*].

## II. ANALYSIS

Defendants move the Court to dismiss the Indictment alleging that ICE officers violated the Fourth Amendment with their warrantless entry onto a private drive leading into a private

construction site and that the officers' conduct was so egregious as to shock the conscience of the Court warranting dismissal of the charges under the Due Process Clause of the Fifth Amendment. They request an evidentiary hearing to establish the factual basis for their claims. The undersigned recommends the District Judge deny the motion without a hearing because her rulings on standing and the Due Process issue constitute the law of the case and control the outcome of the Motion to Dismiss.

"The law-of-the-case doctrine generally provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Musacchio v. United States*, 577 U.S. 237, 244–45 (2016) (citation omitted & modified); *Ermold v. Davis*, 140 F.4th 553, 559 (6th Cir.), *cert. denied*, 146 S. Ct. 398 (2025). "In other words, when the '*same* issue' is presented 'in the *same* case' to the '*same* court,' the '*same* result' should follow." *Ermold*, 140 F.4th at 559 (quoting *Howe v. City of Akron,* 801 F.3d 718, 739 (6th Cir. 2015) (citation omitted)). This doctrine promotes efficiency in litigation. *Id*.

Here, the District Judge has decided that neither Defendant has standing to challenge the officers' entry onto Sagittarius Lane under the Fourth Amendment.[2] The District Judge has likewise determined that if the shocks-the-conscience defense is an applicable defense in this circuit, the facts alleged by Defendants taken in the light most favorable to them fail to establish this defense. These rulings are now the law of the case and apply to the Court's ruling on those same issues in the Motion to Dismiss.

The District Judge's ruling on these issues also leaves nothing else for the undersigned to determine. "Because Fourth Amendment standing is subsumed under substantive Fourth

---

[2] Because the District Judge held that neither Defendant has standing to challenge the officers' entry, the undersigned recommends that the District Judge **DENY** Defendant Bonilla-Servin's Motion to Join and Adopt Surreply to Government Surreply [Doc. 109].

Amendment doctrine, it is not a jurisdictional question and hence need not be addressed before addressing other aspects of the merits of a Fourth Amendment claim." *Byrd v. United States*, 584 U.S. 395, 411 (2018). Nevertheless, standing is a necessary element of a Fourth Amendment claim. *United States v. Lewis*, No. 25-1508, 2026 WL 3151462, at *4 (6th Cir. Oct. 21, 2026); *United States v. Mathis*, 738 F.3d 719, 729 (6th Cir. 2013) ("[I]t is the defendant's burden to show that he had a legitimate expectation of privacy in the area searched or the items seized." (citation omitted)). Thus, although a court need not decide standing first, once it determines that standing is lacking, it need not go further. *See, e.g.*, *United States v. Russell*, 26 F.4th 371, 374 n.1 (6th Cir. 2022) (noting that "[s]ince Fourth Amendment standing is enough to decide the case, we don't address the reasonableness of the search under the Fourth Amendment"). And Defendants' due process argument is premised entirely on the shocks-the-conscience defense [*See* Docs 47 & 78].

As for Defendants' request for an evidentiary hearing, "a defendant must make at least some initial showing of contested facts to be entitled to [an evidentiary] hearing." *United States v. Giacalone*, 853 F.2d 470, 483 (6th Cir. 1988). "An evidentiary hearing is required only if the motion is sufficiently definite, specific, detailed, and non-conjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question." *United States v. Abboud*, 438 F.3d 554, 577 (6th Cir. 2006) (citation modified and citations omitted). Here, the District Judge assumed all facts as presented by Defendants in the light most favorable to Defendants and found their arguments without merit; therefore, no evidentiary hearing is required.

In sum, in deciding the Government's appeal, the District Judge determined that Defendants Wells and Bonilla-Servin lack standing to pursue the Fourth Amendment challenge and fail to state facts sufficient, even taken in the best light to them, to trigger the shock-the-

conscience defense central to their due process argument. These rulings constitute the law of the case and control the outcome of Defendants' Motion to Dismiss.

## III. CONCLUSION

For the reasons explained herein, the undersigned respectfully **RECOMMENDS** that the District Judge **DENY** Defendants' Motion to Dismiss Indictment Based on the Unlawful Entry of Federal Officers [**Doc. 47**] and Defendant Bonilla-Servin's Motion to Join and Adopt Surreply to Government Surreply [**Doc. 109**].[3]

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge

---

[3] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Judge. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Judge need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).